# ORIGINAL

# In the United States Court of Federal Claims

Nos. 13-328C & 13-424C

(Filed: July 31, 2013)
**(NOT TO BE PUBLISHED)**

**FILED**

JUL 3 1 2013

U.S. COURT OF
FEDERAL CLAIMS

```
********************************
                                    )
WILLIAM D. SLONE, a/k/a             )
WILLIAM D. SLOAN                    )
                                    )
              Plaintiff,            )
                                    )
    v.                              )
                                    )
UNITED STATES,                      )
                                    )
              Defendant.            )
                                    )
********************************
```

William D. Slone, *pro se*, West Liberty, Kentucky.

Jennifer E. LaGrange, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, William Slone, has initiated two actions, Nos. 13-328C ("*Slone I*") and 13-424C ("*Slone II*"), alleging improprieties by various persons involved with his criminal and civil cases in state and federal courts in Kentucky. He requests release from prison, monetary damages, and findings in his favor in all of his cases. Pending before the court are Mr. Slone's motions to proceed *in forma pauperis*, to appoint counsel, and for default judgment, and defendant's ("the government's") motions to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, and to strike a second amended complaint submitted by Mr. Slone in *Slone I*.

1

## BACKGROUND[1]

In 2011, Mr. Slone was convicted of two felonies by a jury in a Kentucky state court. Thereafter, Mr. Slone filed lawsuits and petitions for habeas corpus in various courts seeking post-conviction relief. *See Slone I*, Def.'s Mot. to Dismiss the Compl., Opp'n to Pl.'s Mot. for Default Judgment, and Opp'n to Pl.'s Mot. for Appointment of Counsel, at 3-4 ("Def.'s Mot. to Dismiss"). In the United States District Court for the Western District of Kentucky, on March 28, 2012, he filed *Slone v. Meko* ("*Meko I*"), seeking his release by way of a writ of habeas corpus, as well as *Slone v. Noe* ("*Noe*"), a civil rights complaint under 42 U.S.C. § 1983. *Id.*, App. A14 (*Meko I* docket), A116 (*Noe* docket). Both cases were transferred to the Eastern District of Kentucky.[2] On May 4, 2012 and December 6, 2012, Mr. Slone filed two further petitions for habeas corpus with the Eastern District of Kentucky, *Sloan v. Little Sandy Correction Camp* ("*Little Sandy*") and *Slone v. Beckstrom*, respectively. *Id.*, App. A40 (*Little Sandy* docket), A58 (*Beckstrom* docket). On November 1, 2012, Mr. Slone filed a further complaint invoking Section 1983, *Slone v. Meko* ("*Meko II*"), in the Eastern District of Kentucky. *Id.*, App. A135 (*Meko II* docket). At the outset of *Slone I* and *Slone II*, *Meko I* was pending in the Eastern District of Kentucky. *Id.* at 15. *Little Sandy* and *Beckstrom* were dismissed as successive habeas corpus complaints without new grounds for relief, *id.* at 5, and *Noe* and *Meko II* were dismissed for failure to state a claim upon which relief could be granted, *id.* at 6.

In his original complaints in this court and in his two amended complaints in *Slone I*, Mr. Slone alleges that he filed a civil rights case in the Western District of Kentucky against Officer Noe, a police officer in the Bellevue Police Department, and others for violating his constitutional rights and that his case was improperly transferred. *Slone I*, Compl. at 4; *Slone II*, Compl. at 2. He alleges that the state did not adhere to state and federal procedures in his case and that his case had been submitted to a magistrate judge without his consent. *Slone I*, Mot. for Default Judgment at 1, 6-7. Mr. Slone says he filed *Beckstrom*, *see id.* at 3, but claims that *Meko I*, *Meko II*, and *Little Sandy* were fraudulently filed. In support, he notes that the cases had the "wrong letter[]head," wrong division, and incorrect dates. *See Slone I*, Compl. at 6-7, 14. He argues that he could not have filed these cases because he does not have a computer and the cases were filed electronically, and "he was not [allowed] to be at a camp" so he could not have filed cases from Little Sandy. *Slone I*, Am. Compl. ¶ 13.[3] He also avers that the defendants

---

[1]This statement of the circumstances relating to Mr. Slone's claims is taken from his complaints and the parties' filings.

[2]*Meko I* was Case No. 12-167 in the Western District of Kentucky and Case No. 12-101 in the Eastern District of Kentucky. *Noe* was Case No. 12-166 in the Western District of Kentucky and Case No. 12-117 in the Eastern District of Kentucky.

[3]Following his 2011 criminal conviction, Mr. Slone was confined at Little Sandy Correctional Complex before being transferred to the Eastern Kentucky Correctional Complex. *See Slone I*, Def.'s Mot. to Dismiss, App. A122 (*Noe* disposition). At times in the litigation in federal district courts in Kentucky, references were made to the Little Sandy Correction *Camp* rather than the Little Sandy Correctional *Complex*. *See id.*, App. A40-57 (*Little Sandy* docket

defaulted in his previous cases. *Slone II*, Compl. at 4. Mr. Slone additionally alleges torts that include false imprisonment, negligence, fraud and defamation, violation of several constitutional amendments, and violations of civil rights laws and the Privacy Act, 5 U.S.C. § 552a. *Slone I*, Compl. at 1, 3-5, 18-19; *Slone I*, Second Am. Compl. ¶ 8.[4]

## ANALYSIS

### A. *Application to Proceed* In Forma Pauperis

Mr. Slone submitted a motion for leave to proceed *in forma pauperis* contemporaneously with filing his first amended complaint in *Slone I*. This application is appropriately supported and has not been challenged by the government. Thus, for good cause shown, Mr. Slone's application to proceed *in forma pauperis* is GRANTED for both cases.

### B. *Motion for Appointment of Counsel*

By a motion filed June 17, 2013, Mr. Slone has asked the court to appoint counsel. "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, the court's power to appoint an attorney in a civil case "should only be exercised in extreme circumstances." *Washington v. United States*, 93 Fed. Cl. 706, 708 (2010). The Supreme Court has indicated that such extreme circumstances involve those in which "quasi-criminal penalties or severe civil remedies are at stake, such as those in a civil commitment proceeding" or custody case. *Id.* (citing *Lassiter v. Department of Soc. Servs.*, 452 U.S. 18, 30-32 (1981); *Vitek v. Jones*, 445 U.S. 480, 496-97 (1980)). Thus, courts are only empowered to appoint counsel for indigent parties in civil cases if the cases "present an extreme hardship." *Id.* at 709. Mr. Slone has not demonstrated that his cases present such circumstances. Accordingly, Mr. Slone's motion for appointment of counsel is DENIED.

### C. *Jurisdiction*

Before proceeding to the merits of a case, the court "must satisfy itself that it has jurisdiction to hear and decide" the case. *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002))

---

and filings). Mr. Slone's confusion about cases filed from a camp appears to arise from this clerical error.

[4]The government has moved to strike the second amended complaint in *Slone I*, arguing that the amendment is futile because it does not differ from the original complaint and first amended complaint. *See Slone I*, Def.'s Mot. to Strike, or Alternatively Mot. to Dismiss, the Second Am. Compl. "A party may amend its pleading once as a matter of course within . . . 21 days after service of the pleading;" otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave;" but, the "court should freely give leave when justice so requires." Rule 15(a) of the Rules of the Court of Federal Claims ("RCFC"). The submissions of *pro se* litigants, such as Mr. Slone, are held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). Mr. Slone's second amended complaint serves the purpose of further explaining his claims against the government. Therefore, the government's motion to strike the second amended complaint is DENIED.

(internal quotation marks omitted).  When considering a motion to dismiss for lack of subject matter jurisdiction, the court will ordinarily evaluate facts alleged in the complaint as if they were "true and correct." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Air Prod. & Chems., Inc. v. Reichhold Chems., Inc.*, 755 F.2d 1559, 1562 n.4 (Fed. Cir. 1985)).  The party seeking to invoke the court's jurisdiction bears the burden of showing jurisdiction, *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936), and must do so by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748 (citing *Zunamon v. Brown*, 418 F.2d 883, 886 (8th Cir. 1969) (quoting *McNutt*, 298 U.S. at 189)).

Under the Tucker Act, this court has jurisdiction to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress . . . or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).  The Tucker Act alone is not sufficient to confer jurisdiction and does not create a substantive right to relief, *see United States v. Testan*, 424 U.S. 392, 398 (1976), and a plaintiff relying on the Tucker Act must find a substantive right to relief in another source of law, *see United States v. Mitchell*, 463 U.S. 206, 216 (1983).  Essentially, the Tucker Act waives the government's sovereign immunity only for claims based upon a money-mandating source of law. *Mitchell*, 463 U.S. at 216.  To invoke the court's jurisdiction, a plaintiff must indicate the independent, substantive source of law upon which the claim is based and make "a non[-]frivolous assertion that [he or she] is within the class of plaintiffs entitled to recover." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008).

Mr. Slone has failed to allege a claim not sounding in tort that is based upon either a money-mandating statute or an express or implied contract with the government.  Though Mr. Slone mentions the word "contract" in his complaint, he does not allege having entered into a contract with the government. *See, e.g., Slone I*, Compl. at 4.  Many of Mr. Slone's claims are based upon torts, such as his allegations of fraud, slander, defamation, negligence, and false imprisonment. *See, e.g., Souders v. South Carolina Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) (noting that negligence is a tort); *Kortlander v. United States,* 107 Fed. Cl. 357, 368 (2012) (noting that slander, defamation, and false imprisonment are torts); *Cox v. United States*, 105 Fed. Cl. 213, 218 (2012) (noting that fraud is a tort).  This court does not have jurisdiction to hear claims sounding in tort. *See* 28 U.S.C. § 1491(a)(1).

Mr. Slone has also alleged violations of the due process clause of the Fifth Amendment and violations of the First, Fourth, Eighth, and Fourteenth Amendments. *Slone I*, Compl. at 1, 3, 5, 18.  These constitutional provisions themselves, standing alone, are not "money-mandating." *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007); *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997); *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983).

Mr. Slone's remaining allegations are of civil rights violations, violations of the Privacy Act, and perjury.  "Exclusive jurisdiction to hear civil rights claims resides in the federal district courts," *Young v. United States*, 88 Fed. Cl. 283, 289 (2009), and, consequently this court lacks jurisdiction to hear Mr. Slone's civil rights claims.  The Privacy Act is not a money-mandating statute and therefore does not give this court jurisdiction. *See Snowton v. United States*, 216 Fed. Appx. 981, 983 (Fed. Cir. 2007).  Finally, perjury is a criminal act and this court "has no

jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

While Mr. Slone lists the United States as the only defendant in his caption, he alleges that most violations were committed by non-federal persons and entities, including, among others, the State of Kentucky, the Kentucky Attorney General, the Bellevue Police Department, Mr. Slone's court-appointed attorney, and the Little Sandy Correctional Complex. *See Slone I*, Compl. at 1, 3, 5. In this court, "if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (citing *United States v. Jones*, 131 U.S. 1, 9 (1889)). Merely listing the United States in the caption is not enough to invoke jurisdiction. *McGrath v. United States*, 85 Fed. Cl. 769, 773 (2009). Mr. Slone does allege claims against the federal district courts in Kentucky, which are entities of the government; however, those claims consist of torts and constitutional claims that are outside the jurisdiction of this court. *See Slone I*, Compl. at 1, 18. Therefore, the court does not have jurisdiction over the parties whom Mr. Slone names in his complaint.[5]

In sum, none of Mr. Slone's claims fall within this court's subject matter jurisdiction. As such, the court may not proceed to the merits of these claims.

### D. *Transfer*

When the court lacks jurisdiction, it may transfer a case to another court that does have jurisdiction if transfer "is in the interest of justice." 28 U.S.C. §1631. It is not in the interest of justice to transfer these cases. Mr. Slone has filed several cases in the federal district courts in Kentucky and has raised many of his current claims and substantially similar claims in those cases, which are either still pending or have been dismissed. *Slone II*, Def.'s Mot. to Dismiss the Compl. at 3, 9. For this reason, transfer is inappropriate.

### CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED pursuant to RCFC 12(b)(1) and the cases shall be dismissed without prejudice. This court does not have subject matter jurisdiction over Mr. Slone's claims. The clerk shall enter judgment in accord with this decision.[6]

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge

---

[5]Mr. Slone also requests release from prison. *Slone I*, Compl. at 3. That relief also is beyond the power of this court to grant.

[6]As noted earlier, the court GRANTS Mr. Slone's application to proceed *in forma pauperis* and DENIES the government's motion to strike Mr. Slone's Second Amended Complaint in *Slone I*.